IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

CHARLES EDWARD JOHNSON,            §
                    Petitioner,    §
                                   §
V.                                 §          Civil Action No. 4:15-CV-940-O
                                   §          (Consolidated with No. 4:16-CV-1041-O)
RODNEY W. CHANDLER,                §
FMC-Fort Worth,                    §
                    Respondent.    §

## OPINION AND ORDER

Before the Court are two petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241

filed by petitioner, Charles Edward Johnson, a federal prisoner confined in FMC-Fort Worth, against

Rodney W. Chandler, warden of FMC-Fort Worth, Respondent. After having considered the

pleadings and relief sought by Petitioner, the Court has concluded that the petitions should be

dismissed for lack of jurisdiction.

## I. BACKGROUND

On September 5, 2007, in the Waco Division of the United States District Court for the

Western District of Texas, a jury found Petitioner guilty of possession with intent to distribute at

least 5 grams of crack cocaine within 1000 feet of a public elementary school. J. 1, United States v.

Johnson, No. 6:07-CR-097-RP-1, ECF No. 105. Subsequently, the trial court assessed his

punishment at a 365-month term of imprisonment and a $1000 fine. *Id.* at 2, 6. Petitioner appealed

his sentence, but, on January 21, 2009, it was affirmed on appeal. J. 3, United States v. Johnson, No.

6:07-CR-097-RP-1, ECF No. 118. Petitioner filed an avalanche of post-conviction motions in the

convicting court over the next eight-plus years. In the instant habeas petitions under § 2241,

Petitioner challenges both his federal conviction and sentence.

## II. DISCUSSION

Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255 is the primary means under which a federal prisoner may collaterally attack the legality of his federal conviction and sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). A § 2241 petition attacking a federal conviction and sentence may be considered only if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *See Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001). In order to meet this burden, a petitioner must show that (1) his claim is based on a retroactively applicable Supreme Court decision, (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that he may have been convicted of a nonexistent offense. *See Garland v. Roy,* 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

In case no. 4:15-CV-940-Y, Petitioner claims that he is actually innocent of "all crimes" charged in the indictment because his conviction is based merely upon "inference on inference" and the government failed to prove, and the jury failed to make specific findings as to, all the elements of the offense, including his knowledge or intent to commit the offense, the manager, organizer, or leadership enhancement, and the drug quantity attributed to him. 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), 860(a). In support, he relies primarily upon the *Apprendi/Blakely* lines of cases, which deal with facts that must be found by a jury before punishment may be increased over the statutory maximum. Pet. 1-3, ECF No. 1; Rule 15(c)(1)(B) Amend 1-4, ECF No. 7. Petitioner also claims that

the trial court impermissibly relied upon information in the presentence report "as a source of the factual basis to establish the crime"; that he was prosecuted for the offense after expiration of the statute of limitations; and that his sentence was "fixed" and a violation of double jeopardy. Pet. 3-6, ECF No. 1; Rule 15(c)(1)(B) Amend 1-4, ECF No. 7. However, the Fifth Circuit has expressly held that the *Apprendi/Blakely* line of cases do not apply retroactively to cases on collateral review and have no effect on whether the facts of the case would support his conviction for the substantive offense. *See Padilla v. United States,* 416 F.3d 424, 427 (5th Cir. 2005); *United States v. Genty,* 432 F.3d 600, 605 (5th Cir. 2005); *Wesson v. U.S. Penitentiary, Beaumont, Tex.,* 305 F.3d 343, 347-48 (5th Cir. 2002), *cert. denied,* 537 U.S. 1241 (2003). Nor was Petitioner foreclosed by circuit law from raising these claims at trial, on appeal, or in his first § 2255 motion.

In case no. 4:16-CV-1041-Y, Petitioner claims that he was improperly sentenced as a career offender based on his prior state convictions under the United States Supreme Court's more recent decisions in *Descamps v. United States,* — U.S. —, 133 S. Ct. 2276 (2013), *Johnson v. United States,* — U.S. —, 135 S. Ct. 2551 (2015), and *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243 (2016), and the subsequent Fifth Circuit opinions in *Hinkle v. United States*, 832 F.3d 569 (5th Cir. 2016), and *United States v. Tanksley,* 848 F.3d 347 (5th Cir. 2017). Pet. 5, Johnson v. Chandler, No. 4:16-CV-1041-Y, ECF No. 7; Pet'r's Mem. 9, ECF No. 8; Pet'r's Reply 7, ECF No. 53. He also claims that under *Molina-Martinez v. United States,* — U.S. —, 136 S. Ct. 1338 (2016), the trial court's erroneous guidelines calculation constitutes plain error. (Pet'r. Mem. 5, ECF No. 8.) Although these cases were unavailable to Petitioner at the time of his trial, appeal, and first § 2255 motion, the Fifth Circuit has already determined that *Johnson* does not apply to Petitioner's sentence, and *Hinkle* and *Tanksley* are not Supreme Court decisions. 5th Cir Op., United States v.

Johnson, No. 6:07-CR-097-RP-1, ECF No. 284. And, even assuming the *Descamps, Molina-Martinez,* and *Mathis* decisions meet the retroactivity requirement, they have no effect on whether the facts in Petitioner's case would support his conviction for a substantive offense. The Fifth Circuit has made clear that a petitioner's claim that he is actually innocent of the career-offender sentencing enhancement "is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under Section 2241." *See Bradford v. Tamez,* 660 F.3d 226, 230 (5th Cir. 2011). *See also Kinder v. Purdy,* 222 F.3d 209, 213-14 (5th Cir. 2000), *cert. denied,* 531 U.S. 1132 (2001) (providing claim of actual innocence of a career-offender enhancement is not properly raised in § 2241 petition because petitioner is not claiming actual innocence of crime of conviction, only of the enhancement); *Dority v. Roy,* 402 F. App'x 2, 2010 WL 4558884 (5th Cir. Nov.8, 2010), *cert. denied,* 564 U.S. 1022 (2011) (claim of actual innocence of armed career-offender enhancement is not sufficient to satisfy savings clause); *Youree v. Tamez,* 471 F. App'x 387, 387 (5th Cir. 2012), *cert. denied,* 568 U.S. 1126 (2013) (same); Wiwo v. Medina, 491 F. App'x 482, 483 (5th Cir. 2012) (same); *McCorvey v. Young,* 487 F. App'x 928, 928 (5th Cir. 2012), *cert. denied,* 133 S. Ct. 1657 (2013) (same); *Hartfield v. Joslin,* 235 F. App'x 357, 358 (5th Cir. 2007) (same). Accordingly, Petitioner cannot rely on the savings clause of § 2255 on this basis.

A § 2241 petition is not an alternative to the relief afforded by motion in the sentencing court under § 2255. *See Pack v. Yusuff,* 218 F.3d 448, 452 (5th Cir. 2000) (quoting *Williams v. United States,* 323 F.2d 672, 673 (10th Cir.1963)). Petitioner cannot rely on § 2241 because his prior § 2255 motions were unsuccessful or to avoid procedural hurdles presented under § 2255, such as the restriction on filing second or successive motions to vacate. *See Jeffers*, 253 F.3d at 830 (providing prior unsuccessful § 2255 motion or the inability to meet the statute's second or successive

requirement does not make § 2255 inadequate or ineffective); *Pack,* 218 F.3d at 453 (providing prior, unsuccessful § 2255 motion, the limitations bar, and successiveness do not render the § 2255 remedy inadequate or ineffective); *Tolliver,* 211 F.3d at 877 (providing petitioner cannot circumvent the restriction on filing successive § 2255 motions with § 2241 petition).

Petitioner has not met all three criteria required to invoke the savings clause of § 2255 as to the claims presented in his habeas-corpus petitions. The Court is therefore without jurisdiction to consider the petitions. *See Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003).

## III.  CONCLUSION

For the reasons discussed herein, Petitioner's petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 are **DISMISSED** for lack of subject matter jurisdiction. A certificate of appealability is **DENIED**.

**SO ORDERED** on this 30th day of October, 2017.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**